**IN RE 1995 MERCEDES C280, VIN WDBHA28E7SF216650,**
**Seized From Oludayo Ashipa.**

[Cite as *In re 1995 Mercedes C280*, 168 Ohio App.3d 48, 2006-Ohio-1565.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050433.

Decided March 31, 2006.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Thomas J. Boychan Jr., Assistant Prosecuting Attorney, for appellee, state of Ohio.

Oludayo Ashipa, pro se.

MARK P. PAINTER, Judge.

{¶ 1} In this vehicle-forfeiture case, the defendant, Oludayo Ashipa, appeals from the trial court's order forfeiting a Mercedes to the state.

{¶ 2} In an obviously cut-and-paste brief, Ashipa alleges that the trial court erred by (1) not giving him due process of law, (2) not giving him adequate notice, (3) not having the proceedings within the statutory time limit, (4) allowing forfeiture when the state had not filed a timely petition, (5) somehow violating the Fifth Amendment, (6) not giving him due process by not allowing him to be present at each stage of the proceedings, and (7) forfeiting the vehicle without jurisdiction because it wasn't used in the commission of a felony.

{¶ 3} The state has meticulously answered each argument (okay—it lumped some together). Ashipa was convicted of theft and identity theft. He drained a person's bank account by using ATM and credit cards to purchase money orders—driving the Mercedes between banks and other places where he committed the crimes. Any time issues were waived. The Fifth Amendment wasn't raised and doesn't apply.

{¶ 4} But none of these issues matter. Ashipa lacks a scintilla of standing to challenge the forfeiture. Ashipa—who indeed was transported back to the hearing from the penitentiary—testified that the vehicle belonged to one Kimberly Simmons, although the title was in one Moriam Bello's name. Ashipa repeatedly denied any ownership interest in the Mercedes. Neither Simmons nor Bello (who, as the title owner, was notified) appeared at the hearing, probably wisely preferring to keep a low profile.

{¶ 5} Since Ashipa doesn't claim any interest in the Mercedes, it is beyond cavil (or citation) that he cannot appeal what became of it. Seeing nothing to reverse, we affirm.

Judgment affirmed.

HILDEBRANDT, P.J., and GORMAN, J., concur.