[Cite as *Elyria v. Mudge*, 2011-Ohio-2199.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO/CITY OF ELYRIA

    Appellee

    v.

JERALD V. MUDGE
DANIEL E. CSACH
WILLIAM A. JANOWICH

    Appellees

    and

GAMETRONICS, INC.

    Appellant

C.A. Nos.    10CA009838, 10CA009839,
10CA009841, 10CA009842,
10CA009843, 10CA009844,
10CA009845, 10CA009846,
10CA009847

APPEAL FROM JUDGMENT
ENTERED IN THE
ELYRIA MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE Nos.    2009CRB01812,
2009CRB1813, 2009CRB01815
2009CRB01816, 2009CRB01818,
2009CRB01819,2009CRB01820,
2009CRB01821, 2009CRB01822

DECISION AND JOURNAL ENTRY

Dated: May 9, 2011

---

BELFANCE, Presiding Judge.

{¶1} Gametronics, Inc. ("Gametronics") appeals from the order of the Elyria Municipal Court denying its Request for Immediate Return of Property. We affirm.

I.

{¶2} In May 2009, Jerald Mudge, Daniel Csach, and William Janowich (the "Defendants") were indicted for operating a gambling house and related charges. During the Elyria Police Department's investigation in that case, police seized certain equipment (the "Equipment"), primarily computers, in the Defendants' possession. The Defendants later pleaded no contest to disorderly conduct charges and agreed to forfeit the Equipment.

{¶3}   In March 2010, the City of Elyria (the "City") filed a notice that it intended to dispose of the Equipment.  Gametronics filed a request that the property be returned to it, alleging that the Defendants never owned the Equipment and that the City had not complied with the statutory requirements for forfeiture.  In May 2010, Gametronics and the City presented evidence regarding the ownership of the Equipment at a hearing before the trial court, which subsequently entered an order denying Gametronics' request.  It is from that order that Gametronics now appeals, presenting two assignments of error that we have rearranged to facilitate our analysis.

II

ASSIGNMENT OF ERROR II

"THE TRIAL COURT[] ABUSED ITS DISCRETION IN DENYING THE ADMISSION OF APPELLANT'S EXHIBITS 1 AND 2 AFTER THE HEARING ON THE APPELANT['S] REQUEST FOR IMMED[IA]TE RETURN OF PROPERTY WHEN BOTH EXHIB[I]TS WERE PROPERLY AUTHENTICATED IN ACCORDANCE WITH OHIO RULES OF EVIDENCE."

{¶4}   In its second assignment of error, Gametronics asserts that the trial court's decision excluding certain exhibits should be reversed as an abuse of discretion.  We disagree.

{¶5}   At the May 2010 hearing, Danielle McIsac, executive assistant to Gametronics' president, testified that two exhibits Gametronics submitted (the "Exhibits") were sales invoices for computers purchased by Gametronics and shipped to the Defendants.  The State argued that the Exhibits did not demonstrate that Gametronics retained any interest in the Equipment after the Defendants took delivery of it.  The trial court determined that the Exhibits were not authenticated and excluded them because they were photocopies on which someone other than Ms. McIsac had made handwritten notations.  Gametronics did not proffer the Exhibits.  Gametronics argues the trial court committed reversible error in excluding the Exhibits.

{¶6} "A party may not predicate error on the exclusion of evidence during the examination in chief unless *two* conditions are met: (1) the exclusion of such evidence must affect a substantial right of the party *and* (2) the substance of the excluded evidence was made known to the court by proffer *or* was apparent from the context within which questions were asked." (Emphasis sic.) *State v. Gilmore* (1986), 28 Ohio St.3d 190, syllabus. See, also, Evid.R. 103.

{¶7} Gametronics has not demonstrated that the exclusion of the Exhibits affected a substantial right as required under *Gilmore*. See *Gilmore*, 28 Ohio St.3d at syllabus. It is apparent that the Exhibits were not in any way determinative of the trial court's factual determination as to whether Gametronics retained an interest in the Equipment. The trial court agreed with the State's contention that, notwithstanding the Exhibits, if Gametronics retained an interest in the Equipment after it was delivered to the Defendants, there would be an agreement demonstrating as much. Because Gametronics did not present such an agreement, the court concluded that Gametronics had not provided sufficient evidence of its current interest in the Equipment. The court did not base its final decision on any facts to which it appears that the Exhibits were relevant. Because it did not affect the court's final decision, the exclusion did not affect Gametronics' substantial rights as required for this Court to reverse a trial court's exclusion of evidence. See *Gilmore*, 28 Ohio St.3d at syllabus.

{¶8} Under *Gilmore*, a party may not predicate error on the exclusion of evidence unless both requirements are met. Id. Thus, although Gametronics failed to proffer the excluded exhibits, it is unnecessary to engage in further inquiry as to whether Gametronics satisfied *Gilmore's* second requirement.

{¶9} We conclude that Gametronics has failed to demonstrate that the exclusion of the evidence affected a substantial right, and therefore overrule its second assignment of error.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT'S DENIAL OF THE APPELLANT['S] REQUEST FOR IMMED[IA]TE RETURN OF PROPERTY WAS CONTRARY TO LAW SINCE THE CITY OF ELYRIA FAILED TO COMPLY WITH THE STATUTES GOVERNING FORFEITURE CONTAINED IN OHIO REVISED CODE CHAPTER 2981."

{¶10} In its first assignment of error, Gametronics asserts that it is entitled to return of the Equipment because the City of Elyria did not comply with the statutory requirements for valid forfeiture. Because Gametronics did not prove it had an ownership interest in the Equipment, it could not mount a challenge to the forfeiture.

{¶11} For an alleged owner to challenge the forfeiture of property, it must have an ownership interest in that property. *State v. Heintz*, 9th Dist. No. 02CA007997, 2003-Ohio-242, ¶8. If it lacks such an interest, then it lacks standing to challenge the forfeiture. See, e.g., *Cleveland v. Shaker Heights* (1987), 30 Ohio St.3d 49, 51; *In re 1995 Mercedes C280* (2006), 168 Ohio App.3d 48, 2006-Ohio-1565, ¶¶4-5.

{¶12} The trial court determined that Gametronics has no interest in the Equipment. We note that Gametronics has not challenged the trial court's determination as being against the manifest weight of the evidence. Consequently, because it failed to demonstrate its ownership of the property, any error in the forfeiture proceedings would not entitle Gametronics to return or possession of the Equipment. We need not determine whether the City properly followed the statutory requirements for forfeiture because we conclude that Gametronics lacks standing to challenge the forfeiture. Gametronics' first assignment of error is overruled.

III.

**{¶13}** Gametronics did not demonstrate that the exclusion of the Exhibits affected a substantial right. Gametronics also has not demonstrated a current interest in the Equipment and therefore lacks standing to challenge the forfeiture of the Equipment. Gametronics' two assignments of error are overruled.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

DICKINSON, J.
CONCURS

CARR, J
CONCURS IN JUDGMENT ONLY

APPEARANCES:

JEFFRY V. SERRA Attorney at Law, for Appellant.

CYNTHIA ADAMS, ELyria City Prosecutor, for Appellee.